OPINION
{¶ 1} Appellant Cassandra Aiello appeals the August 10, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, ordering she pay guardian ad litem fees relative to the determination of custody of her minor child. Susan Hulit Burns is the guardian ad litem.[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was divorced in Summit County, Ohio. However, the divorce decree did not include a determination of custody relative to appellant's minor child. Prior to their divorce, appellant and the child's father agreed to place their child with Shelly Harper, a non-relative living in Stark County.
 {¶ 3} On April 29, 2003, Shelly Harper filed a complaint for custody of the minor child with the Stark County Court of Common Pleas, Family Court Division. Harper also filed a UCCJA affidavit. The affidavit indicates the child's and the biological parents' place of residence as Akron, Ohio. Appellant consented to an award of custody to Shelly Harper, and waived service. Via an Agreed Judgment Entry of April 29, 2003, the trial court awarded custody to Shelly Harper.
 {¶ 4} On September 3, 2003, appellant moved the trial court to return custody of the minor child to her. On October 22, 2003, the magistrate appointed Kristen Guardado as guardian ad litem and ordered an interim visitation schedule. On October 23, 2003, Harper filed a motion to dismiss and/or to set aside Magistrate's Order, as appellant's motion was not filed with a UCCJA affidavit as required by law; thus, depriving the court of jurisdiction. On December 8, 2003, the trial court dismissed the motion upon Harper's request as appellant had not attached the required UCCJA affidavit.
 {¶ 5} On April 30, 2004, appellant again moved the court for legal custody, submitting the required UCCJA affidavit. The affidavit listed the child's place of residence as Canton, Ohio, and both the mother and father's place of residence as Akron, Ohio.
 {¶ 6} On June 29, 2004, the trial court appointed Susan Hulit Burns as the guardian ad litem, and stayed visitation pending the guardian ad litem's recommendations.
 {¶ 7} On November 3, 2004, the magistrate ordered appellant to pay child support to Harper in the amount of $416.66 per month. On March 3, 2005, the trial court ordered appellant pay fifty-percent of the guardian ad litem fees. Harper was ordered to pay the other one-half. Via Judgment Entry of April 13, 2005, the trial court denied appellant's motion for legal custody, finding the same not in the child's best interest. On June 10, 2005, appellant filed a notice of appeal with this Court (App. No. 2005CA00146).
 {¶ 8} On July 27, 2005, the guardian filed a motion for contempt arguing appellant failed to pay the fees as ordered by the court.
 {¶ 9} On August 29, 2005, the child's maternal grandfather and step-grandmother filed a motion for legal custody with a UCCJA affidavit stating the child's place of residence was Canton, Ohio.
 {¶ 10} On August 29, 2005, this Court stayed appellant's first appeal (App. No. 2005CA00146) and remanded the matter to the trial court to consider Harper's motion to relinquish custody.
 {¶ 11} After remand, on September 30, 2005, the trial court awarded custody to the maternal grandfather and step-grandmother. On November 21, 2005, the court ordered appellant pay one-third of the guardian ad litem fees rendered over and above the monies already approved and awarded. Harper was ordered to pay one-third and maternal grandfather was ordered to pay the remaining one-third.
 {¶ 12} On January 3, 2006, this Court dismissed appellant's first appeal (App. No. 2005CA00146) for want of prosecution.
 {¶ 13} On March 16, 2006, appellant filed a motion for relief from judgment, from the April 29, 2003, November 3, 2004, April 13, 2005, September 30, 2005 and November 21, 2005 judgment entries, stating the trial court was without jurisdiction and Stark County, Ohio was the improper venue to make any orders concerning the minor child. Via Judgment Entry dated July 20, 2006, the magistrate granted custody to appellant; vacating the prior judgments for lack of subject matter jurisdiction due to the improper filing of the UCCJA affidavit by Shelly Harper. On July 21, 2006, the trial court, after review of the magistrate's order, returned custody to appellant, and ordered the assistance of all law enforcement agencies in retrieving the child.
 {¶ 14} On July 31, 2006, the guardian ad litem filed a motion to set aside the magistrate's July 20, 2006 order. On August 17, 2006, the trial court upheld the magistrate's July 20, 2006 order vacating prior custody judgments thereby returning custody to appellant, but declined to vacate the prior orders for payment of the guardian ad litem fees.
 {¶ 15} Appellant now appeals, assigning as error:
 {¶ 16} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLANT TO PAY THE FEE OF THE GUARDIAN AD LITEM."
 {¶ 17} Initially, we note, trial courts have broad discretion in taxing guardian ad litm fees as costs. Civ. R. 75(B)(2). The UCCJA affidavit filed by Shelly Harper at the initiation of these proceedings stated neither appellant, the child's father nor the child lived in Stark County at the time of the trial court's initial determination of custody. Accordingly, appellant argues she should not have to pay the guardian ad litem fees, because the case was filed in the wrong County; therefore, all orders are void for lack of subject matter jurisdiction.
 {¶ 18} Although later vacated, appellant consented to the trial court's April 29, 2003 Judgment Entry granting custody to Harper. The trial court did not appoint a guardian ad litem pursuant to Harper's complaint as appellant had agreed to the custody placement at that time. Rather, the trial court first appointed a guardian ad litem upon appellant's April 30, 2004 motion for legal custody. As appellant's motion for legal custody was the precipitating event requiring the appointment of a guardian ad litem, appellant cannot now claim it was inequitable for the court to order her to pay a portion of the fees incurred. Under the unique and convoluted procedural posture of this case, it would be inequitable to rule otherwise.
 {¶ 19} The August 17, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division is affirmed.
Hoffman, P.J., Wise, J., and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the August 17, 2006 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant.
[1] Ms. Burns did not file a brief in this matter although appellant lists her as appellee and served her brief on Ms. Burns.